4048. HORTON *v.* THE STATE.

The presiding judge of a city court is authorized to appoint a solicitor pro tem., in the absence of the solicitor of the court or in the event of his disqualification, to represent the prosecution in criminal cases pending therein, and the solicitor pro tem. thus appointed would be authorized to sign accusations filed in the court, and in every respect to represent the State in such prosecutions.

DECIDED APRIL 2, 1912.

Accusation of assault and battery; from city court of Cairo— Judge Singletary. January 20, 1912.

*Roscoe Luke, R. C. Bell, Ira Carlisle,* for plaintiff in error.

*W. J. Willie, solicitor, J. Q. Smith, M. L. Ledford,* contra.

HILL, C. J. This was an accusation in the city court of Cairo, charging the accused with a misdemeanor. A motion was made to quash the accusation, on the ground that it appears not to have been signed by the solicitor of the city court of Cairo, who was duly elected and qualified as the solicitor of the court, and was the only officer authorized to sign accusations in the city court, but was signed by a solicitor pro tem., and there was no authority for the judge to appoint any one as solicitor pro tem., and the solicitor pro tem. was not authorized by law to sign such accusations as a solicitor pro tem. The court overruled the motion, and this judgment is here for review. We think the motion was properly overruled, for two reasons.

1. The act creating the city court of Cairo (Acts 1906, p. 191) authorizes the judge of that court, where not otherwise expressly provided, to perform any acts necessary to the proper conducting of the business of the court, and that could properly be performed

3

by. a judge of the superior court under similar circumstances. Section 4929 of the Civil Code (1910) provides that whenever the solicitor-general "is absent or is indisposed, or disqualified from interest or relationship to engage in a prosecution, the presiding judge must appoint a competent attorney of the circuit to act in his place;" and by analogy the same authority would devolve upon the presiding judge of the city court, where the duly constituted solicitor of that court was for any reason disqualified or absent.

2. Besides, the power to appoint a solicitor pro tem. in the absence of the solicitor would be inherent in the court, where required by the exigencies of the. business pending before the court. We can not possibly see how the accused could have been hurt by the fact that the solicitor pro tem., rather than the solicitor, signed the accusation against him, based on the affidavit. The objection to the accusation on this ground was wholly without merit.

*Judgment affirmed.*