S91A0714, S91X0715. CRAMER v. SPALDING COUNTY et al.;
and vice versa.
(409 SE2d 30)

FLETCHER, Justice.

Spalding County filed its complaint in Spalding Superior Court against Tim C. Cramer as judge of the State Court of Spalding County and against the clerk of the state court. The county sought a declaratory judgment to determine whether Judge Cramer had the authority to appoint an additional judge and an assistant solicitor for indefinite terms, set the compensation for the appointed officials, and create a state court contingent expense fund from fines and forfeitures to be disbursed by the clerk only on order of the judge. The county also sought to enjoin disbursements from the contingent fund until the acts of Judge Cramer were declared valid. The county appeals the dismissal of its action for lack of subject matter jurisdiction and Judge Cramer appeals the denial of his motion to disqualify the county attorney. We reverse the dismissal of the county's action and affirm the denial of the motion to disqualify.

In 1989 a crisis arose in the State Court of Spalding County ("State Court") due to a heavy caseload and speedy trial demands in DUI cases transferred from municipal court. Judge Cramer entered an order in March 1989 appointing an interim second judge and an

assistant solicitor. The authority of the assistant solicitor to serve was immediately challenged in a quo warranto action which the superior court dismissed prior to any hearing. The county attorney researched the quo warranto action and advised the county regarding the funding of the two positions on a temporary basis. At its April meeting, the county commission approved the appointment and funding for both positions as interim positions. The second judge and assistant solicitor helped try the defendants who had demanded speedy trials and whose cases were completed in the August term of court.

In September 1989, Judge Cramer issued a second order appointing a "Judge Pro Tem of the State Court of Spalding County up and until further order of said Court"; he ordered the appointment of a new assistant solicitor in November 1989 to fill "an emergency need." He wrote the county commission that the State Court's increasing caseload mandated the appointments. After the county refused to fund the positions, in January 1990 Judge Cramer ordered the clerk of the state court to create the "State Court of Spalding County Contingent Expense Fund" and withhold from the county treasury monies arising from fines and forfeitures that the State Court collected.

Two weeks later, the county filed this action. Judge Cramer, the judge pro tem, and the assistant solicitor moved to disqualify the county attorney on the basis of conflict of interest. They argued that he supported the authority of the state court to make the appointments in the quo warranto action and was now taking the contrary position.

## Motion To Disqualify The County Attorney

1. A lawyer is disqualified from representing "a client against a former client in an action that is of the same general subject matter, and grows out of an event that occurred *during the time* of such representation." *Crawford W. Long Mem. Hosp. v. Yerby*, 258 Ga. 720, 722 (373 SE2d 749) (1988). Disqualification is limited to cases where "the lawyer was actively representing the party . . . when the events giving rise to the case in question occurred." Id. (Clark, J., concurring). In this case, the county attorney's present representation of the county did not grow out of events arising from the interim appointments made in *March 1989* whose funding the county commission approved. Only after Judge Cramer issued additional orders making indefinite appointments in *September and November 1989* did the county challenge his authority and refuse to fund the positions.[1] The

---

[1] Because we find this declaratory judgment action does not grow out of any event during the quo warranto action, we need not decide who the county attorney represented in the

trial court properly denied the motion to disqualify the county attorney.

### Dismissal Of County's Declaratory Judgment Action

2. The trial court dismissed the county's complaint on the grounds that Judge Cramer's orders were final judgments that the county failed to appeal, citing *Darden v. Ravan*, 232 Ga. 756 (208 SE2d 846) (1974). In *Darden*, this court held that "[a] judgment rendered sua sponte by the superior court which mandates actions and which, if valid, would authorize the court to hold the persons named in such judgment in contempt of court is an appealable judgment." Id. at 758. In this case, Judge Cramer's orders named only the state court clerk who could be held in contempt, and she immediately filed an interpleader action depositing the disputed funds in the superior court registry. Judge Cramer's orders did not name Spalding County or mandate any action by the county that would place it in contempt for refusing to follow his orders. Therefore, the county could not appeal his orders as final appealable judgments. Cf. *McCorkle v. Judges of Superior Court*, 260 Ga. 315 (392 SE2d 707) (1990) (construing superior court's order of payment as a certificate under OCGA § 15-6-24 that is not directly appealable).

OCGA § 9-4-2 (a) provides for declaratory judgments in "cases of actual controversy." The words "actual controversy" mean a justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts. *Lott Investment Corp. v. City of Waycross*, 218 Ga. 805, 807 (130 SE2d 741) (1963). A justiciable controversy exists in this case between the county and Judge Cramer concerning his authority to appoint county officers and order funds withheld from the county treasury. Having promptly sought to protect its right to receive court funds, the county was entitled to challenge Judge Cramer's orders based on the Declaratory Judgment Act. The trial court had subject matter jurisdiction to consider the county's complaint.

---

quo warranto proceeding. The record is not clear concerning who his client was or the extent of his representation. The quo warranto petition was brought against only the first interim assistant solicitor; the assistant solicitor that Cramer appointed in November 1989 was a different person; and Judge Cramer was not a party to the quo warranto action. Furthermore, the county attorney never met with the assistant solicitor, filed a pleading, or attended a hearing before the trial court dismissed the action. Because the county attorney did not appear in court on behalf of the assistant solicitor, he cannot be disqualified under *Tilley v. King*, 190 Ga. 421 (9 SE2d 670) (1940).

## Authority Of State Court Judges

3. Judge Cramer cites three possible sources for his authority to appoint and pay an assistant judge and assistant solicitor — OCGA §§ 15-7-25 (a) and 15-1-9.1 (b), Unif. Superior Ct. R. 42.1, and the inherent power of the courts. None of these sources gives him power to create judicial offices, make indefinite appointments to them, and then finance the positions with court funds.

(a) A chief judge may make a written request for assistance to another judge if the requesting court determines that the court's business requires "the temporary assistance" of an additional judge. OCGA § 15-1-9.1 (b) (1) (1989 Supp.).[2] When Judge Cramer sought assistance in 1989, the statute required him to identify the time period for which assistance was sought and, if applicable, the specific cases. OCGA § 15-1-9.1 (c) (1989 Supp.) (deleted 1990).[3] The statute did not give him the power as chief judge to order the *indefinite* appointment of an additional judge.

Moreover, the uniform rules require the judge requesting the assistance of a senior judge to issue a certificate of need "which shall include an order of appointment giving the scope and tenure of such requested service as . . . is necessary to meet the need." Unif. Superior Ct. R. 18.3. This requirement is a necessary safeguard to clearly define and limit the service of the assisting judge. It is particularly critical when, as in this case, the requesting court is a part-time judge of a one-person court who makes the appointment without any other judge's approval. See *Dominguez v. Enterprise Leasing Co.*, 197 Ga. App. 664, 665 (399 SE2d 269) (1990) (criticizing the "seemingly limitless terms of § 15-1-9.1" as an unreined method of judicial administration). Judge Cramer's order in September 1989 appointed a judge pro tem "up and until further order of said Court." By failing to specify either the scope or length of the assisting judge's service, his order of appointment violated the standards required to obtain temporary judicial assistance.

(b) OCGA § 15-7-25 authorizes a retired judge or judge emeritus of a state court to serve as a state court judge upon the call of that

---

[2] This subsection still applies when assistance is needed from a judge in the same county. OCGA § 15-1-9.1 (b) (2) (1990). If assistance is needed from a judge outside the county, a superior court judge or chief judge may make a request for judicial assistance to the administrative judge of the judicial administrative district where the requesting court is located. OCGA § 15-1-9.1 (b) (1) (1990).

[3] The statute now requires the administrative judge of the district receiving the request for assistance to designate a judge to preside. The written designation, which applies only when the request is for a judge outside the county, shall identify "the time period covered, the specific case or cases for which assistance is sought if applicable, and the reason that assistance is needed." OCGA § 15-1-9.1 (f) (1990).

court's judge. This provision, however, does not obviate the need for a requesting judge to follow the procedure for seeking assistance outlined in § 15-1-9.1 and court rules.

4. A presiding judge has the authority to appoint a temporary solicitor when the solicitor is absent, indisposed, or disqualified. See OCGA § 15-18-5 (a) (1990); OCGA § 15-7-24 (g) (2) (1991 Supp.); *Horton v. State*, 11 Ga. App. 33, 34 (74 SE 559) (1912); see also Act No. 218, Ga. L. 1897, pp. 462, 465 (local legislation defining the authority of the State Court). In this case, the solicitor was not absent, disabled, or disqualified, but was prosecuting cases before the appointing judge. Contrary to Judge Cramer's claim, the uniform rules do not extend to judges the right to appoint special assistants to prosecute criminal cases. See Unif. Superior Ct. R. 42.1. Judge Cramer thus lacked the authority to appoint an assistant solicitor in November 1989.

5. The final possible source of authority — the judiciary's inherent power — also does not support Judge Cramer's orders. We recently relied on this court's inherent power to hold that state court judges affected by voting rights litigation may continue to exercise judicial power after their four-year term of office ends. See *Garcia v. Miller*, 261 Ga. 531 (408 SE2d 97) (1991). This court has warned, however, that the inherent judicial power must be cautiously used, particularly in disputes over the funding of court officials. *Wilson v. Southerland*, 258 Ga. 479, 480-481 (371 SE2d 382) (1988); *Grimsley v. Twiggs County*, 249 Ga. 632, 634 (292 SE2d 675) (1982). "We again speak a word of caution that the inherent power does not give the judicial branch the right to invade the province of another branch of government. . . . The inherent power is not a sword but a shield." *McCorkle*, 260 Ga. at 316.

In this case, the judge usurped both legislative and executive functions of government when he made his appointments. The General Assembly has the power to establish by local law the number of judges for each state court and their status as full-time or part-time judges. OCGA § 15-7-20 (a). Local law also establishes the number, selection, and salaries of assistant solicitors. OCGA § 15-7-24 (a). The local act establishing the State Court of Spalding County provides for one part-time judge and one part-time solicitor. Act No. 304, Ga. L. 1987, p. 4527. Judge Cramer exceeded his inherent judicial power by appointing a second judge and an assistant solicitor for an indefinite time in violation of local law.

Nor does the inherent power of the courts permit the creation of an expense fund based on court fines under the facts of this case. State court judges and solicitors are compensated from county funds as provided by local law. OCGA §§ 15-7-22; 15-7-24 (d). Spalding County abolished the fee system in 1960, replacing it with the present

system of compensating court officers with a salary. Act No. 746, Ga. L. 1960, p. 2756. By his order, Judge Cramer attempted to reestablish the fee system to pay the salaries of two court-appointed officials contrary to local law.

State court judges do not have the inherent power to order a county to pay for judicial positions. Only superior courts possess the inherent power to compel a county government to pay money for essential court functions. See OCGA § 15-6-24; *Grimsley*, 249 Ga. at 634-635; cf. *Stephenson v. Bd. of Commrs.*, 261 Ga. 399 (405 SE2d 488) (1991) (holding clerks of court do not have inherent judicial power to employ counsel of their choice). A state court's remedy for the county's nonpayment of a court-related expense is limited to mandamus in the superior court. *McCorkle*, 260 Ga. at 318 (Hunt, J., concurring).

We hold that a state court judge does not have the authority to order the indefinite appointment of assistant judges or solicitors whose positions are not authorized by local law or to finance those positions through a court-created fund comprised of monies withheld from the county treasury. Accordingly, we reverse the dismissal of this declaratory judgment action and remand it for the entry of an order consistent with this opinion.

*Judgment affirmed in Case No. S91A0714. Judgment reversed in Case No. S91X0715. All the Justices concur.*

DECIDED SEPTEMBER 26, 1991.

*Cramer & Shepherd, Timothy N. Shepherd, Christopher C. Edwards,* for appellant.

*Beck, Owen & Murray, James C. Owen, Jr., Mullins & Whalen, Andrew J. Whalen, Jr., Sell & Melton, Edward S. Sell III, Brian J. Passante,* for appellees.

