A93A1282. MARSH v. RESOLUTION TRUST CORPORATION.
(439 SE2d 75)

COOPER, Judge.

This appeal arises from a judgment entered on a dispossessory warrant.

In April 1989, appellant entered into an agreement to purchase real property from Signature Homes, Inc. (Signature). Signature allowed appellant to take possession of the premises prior to closing. In November 1990, appellee Resolution Trust Corporation (RTC) acquired the subject premises through a foreclosure action, and promptly recorded a Deed Under Power of Sale. Although the sale between appellant and Signature never closed, appellant was still in possession of the premises after the deed was recorded. RTC demanded that appellant relinquish the premises but appellant refused. Consequently, RTC sought a dispossessory warrant against appellant, alleging that appellant was a tenant at sufferance. Appellant, proceeding pro se, answered the dispossessory and filed a counterclaim, seeking to recover damages for various repairs and improvements made to the premises and for damages to her personal property which resulted from a fallen tree. After hearing evidence, the trial court entered a judgment in favor of RTC on its dispossessory and dismissed appellant's counterclaim. Although a transcript of the proceedings before the trial court is not included in the record, a supplemental record includes RTC's proposed narrative of the facts pursuant to OCGA § 5-6-41 (i) and a letter from appellant's counsel indicating his agreement with those facts.

1. Appellant first contends that the trial court should have dismissed the dispossessory warrant because the relationship of landlord

and tenant did not exist between appellant and RTC. "[I]t is well established that '(w)here the grantor, or his privy, in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy.' [Cits.]" *Hyman v. Leathers,* 168 Ga. App. 112, 114 (2) (308 SE2d 388) (1983).

2. Appellant next contends that the trial court erred in failing to grant her motion to transfer the case to a court of equity. The record does not reflect that appellant made a motion to transfer. " 'It is the duty of the party asserting error to show it by the record; mere assertions of error in briefs cannot satisfy this duty. (Cit.)' [Cit.]" *Jarallah v. Schwartz,* 202 Ga. App. 32, 34 (1) (413 SE2d 210) (1991). Accordingly, this enumeration presents nothing for review.

3. Appellant also contends that the trial court lacked authority to try the case because the order designating the judge who tried her case was signed by a magistrate rather than the Chief Judge of the State Court. OCGA § 15-1-9.1 (b) (2) provides: "If assistance is needed from a judge *from the same county,* the chief judge of any court within such county of this state may make a written request for assistance to the chief judge of any other court within such county. . . ." (Emphasis supplied.) A supplemental record includes an order signed by the Chief Magistrate of DeKalb County on November 2, 1992, designating Magistrate Judge Mary Whiteman to serve as a judge in the State Court of DeKalb County to preside over non-jury matters on the 2nd and 4th days of November 1992. That order acknowledges that the designation was made pursuant to a request for assistance received from the State Court of DeKalb County. Contrary to appellant's argument, the statute does not require that the designation be made by the chief judge of the requesting court. Also, since this request is from a judge within the same county, the statute does not require that the administrative judge of the district make the designation. Compare OCGA § 15-1-9.1 (b) (1) (request for assistance by a judge outside the county must be made to the administrative judge of the judicial administrative district in which the requesting judge's court is located).

Appellant also argues that the designation was not valid because it was not filed in the court minutes until the day after her trial. There is a presumption that " 'a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law. (Cit.)' [Cit.]" *Morris v. Clark,* 189 Ga. App. 228, 229 (1) (375 SE2d 616) (1988); accord *Hernandez v. Resolution Trust Corp.,* 210 Ga. App. 538 (436 SE2d 534) (1993). The statute does not require a specific time within which the order of designation must be filed, and we cannot conclude that the filing of the designation order in the

minutes one day after the hearing completely vitiated the authority of the designated judge such that the entire proceeding would be rendered void. The written designation of Mary Whiteman to preside as a state court judge was in substantial compliance with OCGA § 15-1-9.1 (b) (2) and, in the absence of a timely objection, we conclude this is sufficient despite the fact that such order was not filed until after the commencement of trial. See *Cheely v. State*, 251 Ga. 685 (1) (309 SE2d 128) (1983). This enumeration is without merit.

4. In her final enumeration of error, appellant complains that she was prejudiced because the trial was not transcribed. The record does not reflect, and appellant does not contend, that a court reporter was requested and denied. Consequently, this enumeration presents nothing for review. *Jarallah*, supra.

5. RTC's motion for damages for frivolous appeal pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 2, 1993.

*C. Samuel Rael*, for appellant.

Mattie Marsh, *pro se.*

*Long, Aldridge & Norman, Andrew R. Pachman, Phillip A. Bradley*, for appellee.