## A95A0164. TILLMAN v. THE STATE.
(457 SE2d 228)

JOHNSON, Judge.

A jury found James Tillman guilty of possession of cocaine with intent to distribute. He appeals following his conviction and the denial of his motions for a new trial and re-sentencing.

1. Tillman argues the evidence that he intended to distribute cocaine was only circumstantial and was insufficient to support his conviction. Viewed in the light most favorable to the verdict, the evidence shows undercover officers arranged to purchase cocaine for $1,200 from Charles Hinson in a hotel room. Hinson informed the officers that his supplier, an "older man," would arrive in a van and deliver the cocaine to him in his room. Hinson would then deliver the cocaine to the officers in their room. While other officers watched, a van entered the hotel parking lot and Tillman, who was 51 years old, got out of the van and immediately walked to Hinson's room. Approximately one minute after Tillman parked the van, Hinson telephoned the officers and told them he would be right down. Hinson left the room 15 to 30 seconds later, leaving Tillman in the room. Tillman came out a minute later. Hinson then entered the officers' room and offered them the cocaine, at which time Tillman was arrested. Till-

man was searched and found to possess $864 in cash.

Possession with intent to distribute can be proven by circumstantial evidence. *Robinson v. State*, 194 Ga. App. 432 (1) (390 SE2d 652) (1990). "[A] conviction on circumstantial evidence is authorized if the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Whether this burden has been met is a question for the jury." (Citations and punctuation omitted.) *Horton v. State*, 194 Ga. App. 797, 798 (1) (b) (392 SE2d 259) (1990). This court does not reweigh the evidence and the inferences drawn from it by the jury. *Gordon v. State*, 206 Ga. App. 450, 452 (2) (a) (425 SE2d 906) (1992). The circumstantial evidence in this case was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Polke v. State*, 203 Ga. App. 306, 310 (3) (417 SE2d 22) (1992).

2. Tillman contends the trial court erred in imposing a life sentence when he was not given formal notice prior to trial of the state's intent to demand recidivist punishment. It is true that "if a life sentence is to be imposed under OCGA § 16-13-30 (d), the state must notify defendant of any conviction it intends to use in aggravation of punishment pursuant to OCGA § 17-10-2 (a). . . . The purpose of § 17-10-2 is to give defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." (Citations and punctuation omitted.) *Armstrong v. State*, 264 Ga. 237, 238 (1), (2) (442 SE2d 759) (1994). In this case, however, Tillman did not object when the state introduced his prior drug conviction into evidence during the pre-sentencing phase of the trial. In fact, when the state presented a copy of the conviction and recommended a life sentence, defense counsel responded "there isn't any argument we can effectively make." Defense counsel added that he had inspected the drug conviction, that it was entered with an attorney, and that "there is no challenge that we can make on that particular plea." The error is therefore deemed waived. Id. at 239 (3).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

Decided April 10, 1995 — ▆▆▆▆▆▆▆▆

*Robert S. Devins*, for appellant.

*Thomas J. Charron, District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.