A95A1133. BENNETT et al. v. JONES et al.
(463 SE2d 158)

POPE, Presiding Judge.

Plaintiff Susan Bennett was injured in a car crash caused by defendants. Defendants admitted liability, and the case went to trial for the jury to determine Bennett's damages and those of her husband on his loss of consortium claim. Although the case was assigned to Fulton Superior Court Judge Elizabeth Long, a Fulton County magistrate sitting as a superior court judge pursuant to OCGA § 15-1-9.1 pre-

sided over the trial. The jury awarded Bennett $40,000 and her husband $1,400. Following the denial of their motion for new trial, plaintiffs appeal.

1. Plaintiffs first argue that their motion for new trial should have been granted because the magistrate who presided over their case was not authorized to do so. Specifically, they argue that the dictates of OCGA § 15-1-9.1 were not strictly followed, as the order designating the magistrate to sit as a superior court judge on the days in question specified that he was to "serve and assist Judge Josephine Holmes Cook" rather than Judge Elizabeth Long. Plaintiffs made no objection to the magistrate presiding over their trial until they filed their motion for new trial, however, and the Supreme Court has explicitly held that if there is no objection to the appointment of the magistrate sitting as a superior court judge prior to the commencement of the trial, the issue is not preserved for appellate review. *Troncone v. Troncone*, 261 Ga. 662 (3) (409 SE2d 516) (1991) (implicitly overruling *Adams v. Payne*, 219 Ga. 638 (135 SE2d 423) (1964)); see also *Ball v. Cox Cable Middle Ga.*, 211 Ga. App. 447 (439 SE2d 704) (1993). In other words, parties cannot wait until after they see the result of the trial to challenge the magistrate's authority under OCGA § 15-1-9.1.

Nonetheless, we strongly admonish superior court judges requesting assistance to be careful about how they word their OCGA § 15-1-9.1 orders, as well as how they utilize those appointed to sit as superior court judges under that statute. See *Cramer v. County of Spalding*, 261 Ga. 570 (3) (a) (409 SE2d 30) (1991). Furthermore, in light of the recent appointment of additional superior court judges, we hope that the practice of relying on judicial assistance under OCGA § 15-1-9.1 on an ongoing rather than occasional basis will soon become less prevalent.

2. Plaintiffs' challenges to the trial court's jury instructions are without merit. The court properly charged the jury on impeachment, as defendants on cross were able to bring out several discrepancies in Bennett's testimony, including discrepancies regarding the quality of her relationship with her husband before and after the accident and discrepancies regarding her performance evaluations at work. Contrary to plaintiffs' assertion, this conflicting testimony was material to the issue of her damages.

Nor did the trial court err in charging the jury that Bennett could recover only for injuries proximately caused by the defendants' negligence, but that she could recover for aggravation of pre-existing conditions. This charge was properly adjusted to the evidence, which showed that Bennett had headaches before this accident as well as after. Plaintiffs' doctor testified that the accident caused the headaches, but he also testified that he was not aware that Bennett had

headaches before the accident. Plaintiffs posit that the headaches before the accident were different from the headaches after the accident, but the evidence does not compel this conclusion.

*Judgment affirmed. Ruffin, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I fully concur in the opinion except with respect to the gratuitous admonishment of superior court judges in the use of OCGA § 15-1-9.1 to obtain assistance. Although it appears (outside of this record) that it is a prevalent practice in some jurisdictions and that elongated "temporary" appointment of magistrates is made, we are in no position to assess the need for invoking this extraordinary means for attempting adequate and timely disposition of a court's caseload. Regardless of the reason, if there is an insufficient number of superior court judges, responsibly working to their maximum to handle the business of the court, then they are compelled to use the authority granted by OCGA § 15-1-9.1 to fulfill the court's obligations to the public. If there is misuse or use beyond what was contemplated by the legislature, then the causes should be identified and appropriate remedies installed.

DECIDED OCTOBER 12, 1995 ▬

*Louis Levenson,* for appellants.

*Gray, Gilliland & Gold, David S. Currie, T. Jeffery Lehman,* for appellees.