A98A1125. KITTLER v. THE STATE.
(506 SE2d 231)

JOHNSON, Presiding Judge.

Following a bench trial, the trial judge found John Daniel Kittler guilty of possession of cocaine with intent to distribute, simple possession of LSD, and possession of marijuana with intent to distribute. Kittler appeals, and we affirm.

1. Kittler contends that the Chief Judge of the Magistrate Court of Cobb County, who presided over the case, lacked authority to act in this case pursuant to *Hicks v. State*, 231 Ga. App. 552 (499 SE2d 341) (1998). However, the record reveals that Kittler has waived this issue on appeal by waiting until after his trial was completed to raise the issue. Id.; *Troncone v. Troncone*, 261 Ga. 662, 663 (3) (409 SE2d 516) (1991); *Bennett v. Jones*, 218 Ga. App. 714, 715 (1) (463 SE2d 158) (1995).

2. Kittler next contends the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute. Viewed in a light most favorable to support the verdict, the evidence shows that an agent with the Cobb County police received information from a previous arrestee that "John" was selling drugs from his girlfriend's apartment. Two agents proceeded to the apartment, identified themselves, and informed the girlfriend of the complaint. The girlfriend gave the agents permission to search the apartment. When the agents located a powdery substance, the girlfriend identified the substance as cocaine.

After she was given *Miranda* warnings, the girlfriend named Kittler as her source and agreed to help the agents set up a drug buy from Kittler. She paged Kittler, agreed to place a recording device in

her ear, and held the phone so that one of the agents could also listen to the conversation when Kittler returned her page. When Kittler called, the girlfriend told him she needed "eight," which means an eight ball and is approximately three grams of cocaine. The girlfriend then said that Kittler would be arriving in approximately 15 minutes and described Kittler to the agents as a black male of a particular height and weight driving a 1993 red Ford Mustang. She also told the agents Kittler would be carrying a weapon.

The agents waited in the parking lot, and approximately 15 minutes later a red Mustang pulled up and a man matching Kittler's description got out of the car and walked to the door. The agents approached him, and Kittler turned to look at them after one of them said "John." The agents identified themselves and patted him down for their safety. During the pat-down, the agents discovered three bags of cocaine in Kittler's left shirt pocket and one bag of marijuana in his right shirt pocket.

Kittler was placed under arrest, read his *Miranda* warnings, and placed in the agent's car. During questioning, Kittler stated that he "might have a little marijuana at home." He then asked for an attorney and questioning ceased. The agents requested and received a search warrant for Kittler's house. The agents discovered marijuana, cocaine and 12 hits of LSD in the house. They also found a revolver and a semi-automatic weapon.

This evidence was sufficient to support the trial judge's finding that Kittler was guilty of possession of cocaine with intent to distribute. While no bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession of a controlled substance with intent to distribute, the evidence in the present case shows that the agents were informed by two individuals that Kittler sold drugs, and Kittler arrived at his girlfriend's apartment with three grams of cocaine shortly after she called and told him she needed three grams for someone. In addition, the packaging of the cocaine supports an inference of intent to distribute in that it was packaged in three separate bags.

"Possession with intent to distribute can be proven by circumstantial evidence. A conviction on circumstantial evidence is authorized if the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Whether this burden has been met is a question for the [factfinder]." (Citations and punctuation omitted.) *Tillman v. State*, 217 Ga. App. 269, 270 (1) (457 SE2d 228) (1995). The evidence was sufficient to support Kittler's conviction for possession of cocaine with intent to distribute. See id.; *Dean v. State*, 211 Ga. App. 28 (1) (438 SE2d 380) (1993).

3. Kittler maintains the trial court erred in denying his motion

to suppress drugs found on his person since the search of his person was not reasonable and exceeded the scope of any warrant that could have been authorized by a magistrate. We disagree.

"When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment." (Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

In the present case, the agents were justified in stopping Kittler. "To justify a brief *Terry* stop under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) [(1968)], an officer must have an articulable, reasonable suspicion that the law is being violated. The reasons justifying an investigatory stop need not rise to the level of probable cause, but must be more than a mere hunch and must not be arbitrary or harassing." (Citation and punctuation omitted.) *Hinson v. State*, 229 Ga. App. 840, 842 (1) (c) (494 SE2d 693) (1997). Here, the agents were informed that "John" was selling drugs at his girlfriend's apartment. The officers proceeded to the apartment, discovered drugs after the girlfriend consented to a search of the apartment, and were informed by the girlfriend that Kittler provided the drugs. The girlfriend then paged Kittler and allowed the agents to listen and tape the phone call where she requested Kittler to bring three grams of cocaine to her apartment. She described Kittler and the car he would be driving, stated that Kittler would be at her apartment in approximately 15 minutes, and told the agents he would be carrying a weapon. Fifteen minutes later, a car and suspect matching her description arrived at the apartment, and the suspect responded when one of the agents called his name. These facts gave the agents a reasonable, articulable suspicion that Kittler was engaged in selling drugs. See *Bright v. State*, 265 Ga. 265, 278-279 (5) (a) (455 SE2d 37) (1995). That one or both of the agents may have had their gun drawn does not transform the stop into an arrest under the circumstances. Id.

Once Kittler was stopped, the agents were justified in searching Kittler for weapons based on his girlfriend's statement that he would be carrying a weapon. "A policeman making a reasonable investiga-

tory stop may conduct a limited protective search for concealed weapons when he has reason to believe that the suspect is armed and dangerous, and if, during the search contraband is turned up, it may be used as evidence in a prosecution for its possession." (Citation and punctuation omitted.) *Hinson*, supra at 841 (1) (b). The trial court did not err in denying Kittler's motion to suppress the drugs found on his person.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 25, 1998.

*Daniel E. Gavrin*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Bruce D. Hornbuckle, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.