A98A1567. DAVIS v. THE STATE.
(507 SE2d 827)

Judge Harold R. Banke.

Chauncy Dejuan Davis was convicted of fleeing or attempting to elude a police officer. He enumerates eight errors on appeal.

During roll call, the arresting officer was directed to be on the lookout for a male on a red Japanese style motorcycle with a black helmet who had committed three armed robberies in the previous week. After observing Davis, clad in a black helmet, turn his red Japanese style motorcycle onto a local interstate, the officer activated his emergency equipment and stopped him. The officer checked the motorcycle tag and prepared to exit his patrol car when Davis sped away. After a chase involving more cars and a helicopter, Davis was observed entering an apartment building with his motorcycle.

When knocking on the door proved futile, the officers obtained a search warrant, entered the apartment, found the motorcycle and helmet and arrested Davis. A search revealed a number of credit and identification cards in various names and approximately $8,000.

Davis was subsequently charged with 16 counts of financial transaction card theft and attempting to elude. After a suppression hearing, the case proceeded to trial on stipulated facts which the trial court determined were sufficient to support the attempting to elude charge. The theft charges were disposed of with a nolle prosequi order. *Held*:

1. In his first two enumerations, Davis argues that the evidence of attempting to elude was insufficient to support his conviction because the officer lacked articulable suspicion to stop him. We disagree.

OCGA § 40-6-395 (a) prohibits drivers from willfully failing or refusing to bring their vehicles to a stop or fleeing or attempting to elude a uniformed police officer in a marked car after a visual or audible signal to bring their vehicle to a stop. OCGA § 40-6-395 (a).

The evidence shows that the arresting officer was uniformed and driving a marked patrol car when he activated his emergency lights and pulled Davis over. Id. The officer testified that Davis pulled over and waited until the license check had been completed before fleeing. This evidence, viewed in the light most favorable to the verdict, is sufficient to satisfy the requisites of OCGA § 40-6-395 (a). *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979); *Finlon v. State*, 228 Ga. App. 213, 214 (2) (491 SE2d 458) (1997).

Inasmuch as OCGA § 40-6-395 (a) does not require a lawful stop, we need not reach Davis' argument under *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968). Compare OCGA § 16-10-24 (a). Assuming, arguendo, that the stop lacked articulable suspicion, Davis' remedy was a motion to suppress the fruit of the illegal stop (here, a filing rendered nugatory once the theft charges were dropped). A *Terry* violation does not provide carte blanche to violate OCGA § 40-6-395 (a).

2. In three enumerations, Davis challenges the trial court's denial of his motion to suppress, arguing that the search warrant was infirm. A successful appeal requires a showing of both harm and error. *Carter v. State*, 231 Ga. App. 42, 43 (4) (497 SE2d 812) (1998). The dismissal of the theft charges forecloses any showing of harm in the admission of evidence supporting them. See *Edwards v. State*, 176 Ga. App. 369, 371 (337 SE2d 27) (1985).

3. Davis claims the trial court erred by failing to order the State to disgorge the property it seized. We are precluded from resolving this issue because the record is insufficiently developed. See *N & N, Inc. v. Veline*, 253 Ga. 51, 53 (3) (315 SE2d 908) (1984). On remand, the following facts must be established: (1) the specific property sought to be returned; (2) whether the property is necessary to a pending prosecution; and (3) whether Davis possesses an interest in the property, inasmuch as the apartment belonged to his former girl friend and co-defendant, who was being prosecuted on the theft charges. Should it be established that the State is arbitrarily retaining Davis' property, the trial court is directed to order its release.

*Judgment affirmed. Case remanded with direction. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 6, 1998 —
RECONSIDERATION DENIED OCTOBER 28, 1998 —

*Herbert Shafer*, for appellant.

*J. Tom Morgan, District Attorney, Keith E. Adams, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.