A99A0719. SMITH v. THE STATE.
(516 SE2d 319)

MCMURRAY, Presiding Judge.

A jury convicted William E. Smith of trafficking in cocaine, possession of cocaine, and attempting to elude a police officer. He appeals from the order denying his motion for new trial, contending the trial court erred in denying his motion to suppress and that the evidence is insufficient to support his trafficking conviction. We affirm.

1. In enumerations of error 1, 2, 3, and 6, Smith argues the evidence was insufficient to support his conviction for trafficking in cocaine and that the trial court should have directed a verdict of acquittal on that charge.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption

of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."

*Shabazz v. State*, 229 Ga. App. 465-466 (1) (494 SE2d 257). The standard of review of a denial of a motion for a directed verdict is the same as that for the sufficiency of the evidence. *Cottingham v. State*, 206 Ga. App. 197 (1) (424 SE2d 794).

Viewed in this light, the record reveals that on January 22, 1996, the DeKalb County police arranged to buy nine ounces of cocaine from Smith through informant Theresa Burke. Earlier that evening, Gwinnett County police had arrested Burke for selling cocaine. Burke told her arresting officer that she could set up a deal to buy another nine ounces of cocaine from Smith who was at her residence in Stone Mountain in DeKalb County. The Gwinnett police contacted officers with the DeKalb County Narcotics Unit who then met with Burke. Burke gave the DeKalb County police her address, described Smith and his car in detail, and offered to make the call. After the police set up surveillance on Burke's home and at the designated meeting place, a McDonald's parking lot, Burke called Smith from her cell phone while the police listened.

Moments after Burke spoke with Smith, Smith was seen leaving Burke's home. Smith got in a gold-colored Nissan Maxima and drove toward the McDonald's parking lot. Several officers posted along the way observed Smith drive by. After Smith entered the McDonald's parking lot, a uniformed officer in a marked patrol car blue-lighted Smith and attempted to stop him. Smith veered past the officer and sped away toward a residential neighborhood. The uniformed officer and detectives in unmarked cars gave chase. A detective following immediately behind Smith observed Smith's car veer off the side of the road briefly during the chase. After chasing him about a mile, the police stopped Smith when he turned his car down a dead-end road. The arresting officers saw that Smith's passenger side window was down, despite the cold winter weather. Suspecting that Smith had thrown the cocaine out of the car during the chase, the police searched the roadside where Smith had swerved and found a plastic bag containing what tested positive for 253 grams of 40 percent pure cocaine. During a search incident to Smith's arrest, the police found in Smith's coat pocket two small bags containing cocaine residue. The

police also found electronic scales, $1,520 in cash, and several small plastic bags inside Smith's car.

Smith argues the evidence was insufficient to support the verdict because the State failed to prove that he possessed the cocaine. We disagree. A person commits trafficking when he knowingly delivers or is knowingly in possession of 28 grams or more of cocaine. OCGA § 16-13-31 (a) (1). Possession can be proven by circumstantial evidence. See *Kittler v. State*, 234 Ga. App. 120 (2), 121 (506 SE2d 231).

> "A conviction on circumstantial evidence is authorized if the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Whether this burden has been met is a question for the (factfinder)."

Id. In light of the evidence that police had information that Smith would be in possession of nine ounces of cocaine, that Smith fled when confronted by the police, that he veered onto the roadside momentarily during the chase, that his passenger side window was open, and that police found nine ounces of cocaine by the road where Smith swerved, the jury was authorized to infer that the cocaine found on the roadside was in Smith's possession until he abandoned it by throwing it out the car window. We do not find that the circumstantial evidence in this case established a reasonable hypothesis of innocence as a matter of law. See *Ellison v. State*, 233 Ga. App. 637, 638-639 (2) (504 SE2d 779). Under the standard of *Jackson v. Virginia*, supra, the evidence adduced at trial was sufficient to authorize the jury's verdict, and the trial court did not err in denying Smith's motion for a directed verdict. See *Milton v. State*, 232 Ga. App. 672, 673 (1) (503 SE2d 566).

2. In his fourth enumeration of error, Smith contends the trial court erred in refusing to suppress the cocaine and drug paraphernalia used as evidence against him. When reviewing a trial court's ruling on a motion to suppress, evidence is construed by this Court most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 734-735 (3) (394 SE2d 639). Smith argues that the officers were not authorized to initiate a traffic stop based upon the tip provided by Burke, an informant of unknown reliability, and that any contraband seized as the result of that stop was the "fruit of the poisonous tree."

> " 'Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity, if the tip is detailed enough to provide

some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police.' "

*Buffington v. State*, 228 Ga. App. 810, 812 (492 SE2d 762). In this case, the police were proceeding on significantly more than a tip supported by a detailed description of Smith and his car. Burke agreed to set up a drug buy from Smith, who was then at her residence. Burke made a phone call to Smith on her cell phone as the police listened. The police heard Burke setting up a drug deal. As the police watched, Smith responded to Burke's call by following her instructions and driving to the McDonald's parking lot where the drug transaction was to be consummated. The officer's observations corroborated the details of Burke's tip and were sufficient to establish her reliability. See id.; *Easterlin v. State*, 216 Ga. App. 112, 113 (452 SE2d 801). Moreover, this corroborated tip gave the officers reasonable articulable suspicion to suspect Smith of drug activity sufficient to justify an investigative stop. See, e.g., *Ledford v. State*, 220 Ga. App. 272, 274 (1) (469 SE2d 401). Of course, Smith did not stop when the police approached him. He fled, behavior that not only added another basis for the officer's suspicions, but which, in itself, gave the officers probable cause to stop and arrest Smith for the offense of attempting to elude an officer. OCGA § 40-6-395 (a); *Davis v. State*, 235 Ga. App. 10 (507 SE2d 827). Thus, the drug paraphernalia and packets containing cocaine residue were lawfully seized from Smith pursuant to a search incident to a lawful arrest for attempting to elude. See *Sprinkles v. State*, 227 Ga. App. 112 (1), 113 (488 SE2d 492). And, because the cocaine found along the side of the road was abandoned by Smith while he was in a state of flight, that is, before he was seized within the meaning of the law, " 'it cannot be said that it was the fruit of an illegal arrest.' [Cits.]" *Milton v. State*, 232 Ga. App. 672, 677 (4) (503 SE2d 566). The trial court properly denied Smith's motion to suppress.

3. In his final enumeration of error, Smith argues the court erred in allowing two police officers to testify as to Burke's hearsay statements that she could arrange a drug buy from Smith. However, because Smith did not make an objection on this basis at trial, the error is not preserved for our review. *Waldrip v. State*, 267 Ga. 739, 748 (12) (482 SE2d 299).

Although Smith claims the trial court gave him a continuing objection regarding the admissibility of Burke's statements on hearsay grounds during the motion to suppress hearing, the transcript of that proceeding shows only that Smith asked for a continuing objection "to the court considering any of this for the truthfulness of it." This vague entreaty appears to have been construed by the court as a

request to instruct the jury that Burke's statements be considered not for their truth, but only to explain the officer's conduct because the court later gave such an instruction and Smith appeared to acquiesce in it. There is no indication in the record that the trial court specifically granted Smith a continuing objection on the grounds complained of or, on its own initiative, clearly designated such an objection as continuing. Therefore, Smith was required to make a contemporaneous objection to preserve this point of error for appellate review. *State v. Larocque*, 268 Ga. 352 (489 SE2d 806).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 12, 1999 — 

*Franklin & Hubbard, Brooks S. Franklin, William F. Holbert*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.