A00A0798, A00A0799. JARALLAH v. AMERICAN CULINARY
FEDERATION, INC. et al. (two cases).
(529 SE2d 919)

McMurray, Presiding Judge.

Tajuddin JarAllah filed an application pursuant to OCGA § 14-3-1604 for an order allowing him to inspect and copy records of American Culinary Federation, Inc. ("ACF"). An order was entered on June 24, 1998, providing that JarAllah could inspect the records. JarAllah filed a notice of appeal from this order on June 26, 1998, which was docketed in this Court as Case No. A00A0798. On the same day, JarAllah filed a motion in the trial court to set aside or reconsider its June 24, 1998 order, primarily asking the trial court to grant JarAllah's request for attorney fees. The trial court issued an order denying the motion, and JarAllah filed a second notice of appeal. That appeal has been docketed in this Court as Case No. A00A0799. *Held*:

### Case No. A00A0799

1. Case No. A00A0799 must be dismissed because the trial court was without authority to act on JarAllah's motion to set aside or reconsider its June 24, 1998 order after JarAllah filed a notice of appeal. The filing of the notice of appeal functions as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.[1]

### Case No. A00A0798

2. In Case No. A00A0798, JarAllah alleges that the trial court erred in ruling that he could not recover attorney fees under OCGA

---

[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] *Byran v. Brown Childs Realty Co.*, 236 Ga. App. 739, 742 (2) (513 SE2d 271).

§ 14-3-1604 (c).[2] We disagree.

First, we note that ACF never refused to permit JarAllah to inspect its records, a prerequisite for the award of attorney fees under the statute. The record reflects that JarAllah sent ACF a request on May 18, 1998, to inspect and copy certain records. ACF did not respond, due to "simple oversight," it claims. On June 15, 1998, JarAllah filed the instant action. ACF sent JarAllah a letter on June 19 agreeing to permit him to inspect ACF's records. JarAllah failed to respond, necessitating the hearing at which the order of June 24, 1998 was entered.

Second, pro se litigants who are not attorneys cannot recover attorney fees because of the lack of any meaningful standard for calculating the amount of the award. *Cazalas v. U. S. Dept. of Justice*, 709 F2d 1051, 1058 (4) (5th Cir. 1983). Contrary to JarAllah's argument, in *Harkleroad v. Stringer*, 231 Ga. App. 464, 468 (1) (499 SE2d 379), this Court expressly declined to decide whether pro se litigants who are not attorneys may recover attorney fees as that question was not before this Court. In holding that a law firm could recover attorney fees under OCGA § 9-15-14 for services rendered on its own behalf when it sued a client, although the firm was also represented by counsel, "[w]e simply note[d] that there is a rational basis for distinguishing [pro se] parties from litigants who are attorneys." Id. at fn. 25.

Accordingly, the trial court correctly denied JarAllah's request for attorney fees.

3. Pursuant to Court of Appeals Rule 15 (b), ACF asks this Court to impose a penalty against JarAllah for frivolously pursuing this appeal. We note that JarAllah is an experienced pro se litigant in this Court.[3] Moreover, based on ACF's agreement to allow JarAllah to inspect its records, JarAllah had no reasonable expectation of obtaining reversal of the trial court's decision on that basis. However, we cannot say that JarAllah's argument based on *Harkleroad* was entirely frivolous or interposed for the purpose of delay. Accordingly, we decline to impose a frivolous appeal penalty.

*Judgment affirmed in Case No. A00A0798. Appeal dismissed in Case No. A00A0799. Johnson, C. J., and Phipps, J., concur.*

---

[2] OCGA § 14-3-1604 (c) states:
If the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the member's costs (including reasonable attorneys' fees) incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the member to inspect the records demanded.

[3] See *JarAllah v. Schwartz*, 202 Ga. App. 32 (413 SE2d 210); *JarAllah v. Aetna Cas. &c. Co.*, 199 Ga. App. 592 (405 SE2d 510); *JarAllah v. Pickett Suite Hotel*, 193 Ga. App. 325 (388 SE2d 333).

DECIDED FEBRUARY 22, 2000 —
RECONSIDERATION DENIED MARCH 3, 2000 —

Tajuddin JarAllah, *pro se.*
*Robert D. Schoen,* for appellees.