## A03A0016. HURST v. THE STATE.
(580 SE2d 666)

ANDREWS, Presiding Judge.

Samorial Lopeze Hurst was found guilty by a jury of two counts of armed robbery. Finding no merit in the claims of error made by Hurst on appeal, we affirm the judgment of conviction.

1. The State produced evidence that Hurst used a handgun to rob two Wendy's restaurants. A Wendy's employee testified that on December 13, 1998, Hurst approached the drive-in window where she was working and pointed a handgun at her and demanded money. Hurst then reached inside the window and took over $500 from the cash register. A Wendy's customer reported the tag number of the car Hurst used to flee from the robbery, and police arrested Hurst a day after the robbery driving a stolen car bearing the reported tag number.

After Hurst was released from custody, he committed the second armed robbery. Another Wendy's employee testified that on April 10, 1999, Hurst approached the drive-in window where she was working, forced open the window from the outside, and placed a handgun with a towel over it on the window ledge. He then reached in the window and took about $43 from the cash register. After the employee identified Hurst as the robber in a photo lineup conducted by police, Hurst was arrested again and charged with the second robbery.

The evidence was sufficient to prove beyond a reasonable doubt that Hurst was guilty of both armed robberies. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to Hurst's contention, testimony from the Wendy's employees that Hurst took about $500 and $43 respectively from the Wendy's cash registers in the robberies was sufficient to show that he took the property of Wendy's as alleged in the indictment. *Jackson v. State*, 158 Ga. App. 702 (282 SE2d 181) (1981). Testimony from one of the employees that Hurst used what appeared to be a handgun wrapped in a towel was also sufficient to show that the April 1999 robbery was accomplished by use of a handgun as alleged in the indictment. Testimony that the shape of the object wrapped in the towel looked like a handgun and convinced the employee that it was a handgun was sufficient circumstantial evidence from which the presence of a handgun could be inferred. *Hughes v. State*, 185 Ga. App. 40 (363 SE2d 336) (1987).

2. Hurst claims that his conviction was void because the senior judge who presided over the trial was not properly appointed pursuant to the requirements of OCGA § 15-1-9.2. Specifically, Hurst argued at the hearing on the motion for new trial that the order appointing the judge signed before the trial was not filed until after

the trial.[1] This claim was waived by the failure to raise it until the motion for new trial. *Bennett v. Jones*, 218 Ga. App. 714, 715 (463 SE2d 158) (1995). But even if the claim had not been waived, we have previously held that an order appointing a judge to assist the court created in compliance with the similar requirements of OCGA § 15-1-9.1 was not deficient just because it was not filed until after the commencement of the trial. *Marsh v. Resolution Trust Corp.*, 211 Ga. App. 216, 217-218 (439 SE2d 75) (1993).

3. Finally, Hurst asserts on various grounds that his trial counsel was ineffective.

Based on our holdings in Divisions 1 and 2, supra, that the evidence was sufficient to support the conviction and the appointment order was sufficient, there is no basis for Hurst's claims that trial counsel was ineffective for failing to move for a directed verdict on insufficiency of the evidence or for failing to object to the trial judge's authority to try the case. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 3, 2003 — 

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[1] Hurst makes additional claims on appeal that the appointment requirements were not strictly followed. However, we will not address claims not raised or ruled upon in the trial court.