A03A1369. CAMMER v. THE STATE.
(587 SE2d 656)

ADAMS, Judge.

Defendant David Eugene Cammer was convicted by a jury of armed robbery, kidnapping with bodily injury, hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a felony. He appeals following the denial of his motion and amended motion for new trial.

1. Relying on *Hicks v. State*, 231 Ga. App. 552, 553 (1) (499 SE2d 341) (1998), Cammer argues that his conviction was void because the procedures outlined in OCGA § 15-1-9.1 (f) were not followed in appointing the pro tem probate court judge who presided over his trial. However, our Supreme Court recently overruled *Hicks* "to the extent it holds that an intra-county designation order must comply with OCGA § 15-1-9.1 (f)." *Lewis v. McDougal*, 276 Ga. 861, 862 (1) (583 SE2d 859) (2003). And this court has rejected the contention also urged on appeal that failure to file the designation on the minutes of the court prior to the commencement of the proceedings voids the proceedings. *Marsh v. Resolution Trust Corp.*, 211 Ga. App. 216, 217-218 (3) (439 SE2d 75) (1993). Furthermore, the record shows that Cammer did not raise any objection to the designation of the judge when the trial commenced, or in his original motion for new trial, but raised this issue for the first time in his amended motion for new trial. Our state appellate courts have made plain that "[p]arties cannot wait until after they see the result of the hearing to challenge a presiding judge's authority under OCGA § 15-1-9.1. *Bennett v. Jones*, 218 Ga. App. 714, 715 (1) (463 SE2d 158) (1995)." *Albright v. Peterson*, 247 Ga. App. 203 (1) (539 SE2d 919) (2000). Thus, failure to raise this issue prior to the commencement of the proceedings upon which the appeal is based precludes appellate

review of this issue. *Troncone v. Troncone*, 261 Ga. 662, 663 (3) (409 SE2d 516) (1991); *Hurst v. State*, 260 Ga. App. 708 (2) (580 SE2d 666) (2003) (failure to timely challenge appointment under OCGA § 15-1-9.2); *Maldonado v. State*, 240 Ga. App. 497 (1) (523 SE2d 917) (1999); *Kittler v. State*, 234 Ga. App. 120 (1) (506 SE2d 231) (1998).

2. Contrary to Cammer's remaining enumeration of error, the trial court did not err by failing to give Cammer's requested charge on reckless conduct as a lesser included offense of aggravated assault under the facts of this case. Cammer's testimony that he fired shots in the air instead of directly at the victim after he ordered the victim out of the car on a deserted road showed "[his] intent was to put the [victim] in fear of an immediate bodily injury. [Cit.] Thus, a charge on reckless conduct was not warranted." *Huguley v. State*, 242 Ga. App. 645, 648-649 (1) (a), (b) (529 SE2d 915) (2000). Moreover, testimony that at some point he handed the gun to his accomplice, and that his accomplice fired the gun at the victim, would support Cammer's conviction as a party to the crime of aggravated assault. *Cammon v. State*, 269 Ga. 470, 471 (1) (500 SE2d 329) (1998); *Tolbert v. State*, 215 Ga. App. 113, 114 (1) (449 SE2d 671) (1994). Cammer's argument that his conviction must be reversed because of the trial court's failure to charge on reckless conduct is thus without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 18, 2003 — 

*Calhoun, Cerbone & Sapp, William S. Lewis*, for appellant.
*Spencer Lawton, Jr., District Attorney, Patricia P. Stone, David T. Lock, Assistant District Attorneys*, for appellee.