*W. S. Mann,* for defendant.

---

COWART *et al. v.* MANRY *et al.,* commissioners.

GILBERT, J.   1. The General Assembly, in determining the facts and legislating upon the removal of county-sites under the Civil Code (1910), §§ 486 et seq., is not bound by the findings of the Secretary of State as to the result of the election. *Bachlott* v. *Buie,* 158 *Ga.* 705 (2) (124 S. E. 339), and cit.

2. Where such removal election was held on May 5, 1927, and the General Assembly of 1927 did not pass any legislation thereon, the General Assembly of 1929 will have the constitutional power and authority to pass an act removing the county-site.

3. "The authorities having charge of county affairs in any county affected, as mentioned in the preceding section, shall provide by an order entered on their minutes that the county officers of such county shall have and keep their offices in such buildings at either the old or new county-site as, in the judgment of such county authorities, may be best until the new buildings are ready for occupancy." Civil Code (1910), § 503.

4. The matter of building or otherwise acquiring a court-house, jail, and other necessary county buildings, and suitably furnishing the same, is "left in the first instance to the discretion of the county authorities."

The broad discretion of the county authorities will not be disturbed by the courts except cautiously, nor unless it is clear and manifest that such discretion has been abused. *Manry* v. *Gleaton*, 164 *Ga.* 402 (138 S. E. 777).

5. According to the rulings in *Manry* v. *Gleaton*, supra, the court did not err in dismissing the petition on general demurrer. Since this ruling finally disposes of the case, it is useless to decide the questions raised by the special demurrers.

*Judgment affirmed. Beck, P. J., and Hines, J., dissent. The other Justices concur.*

### No. 6559. JULY 11, 1928.

Petition for mandamus. Before Judge Custer. Dougherty superior court. March 19, 1928.

Cowart and others, as citizens and taxpayers, brought their petition for mandamus against Manry and others as members of the board of commissioners of roads and revenues, to compel them "to erect a court-house at the county site of Calhoun County, and to equip the same with furniture, heat, lights, sanitary arrangements, offices and office equipment, and other conveniences; or, should it be held that the same is discretionary under the facts, then that said commissioners be required to provide a court-house with adequate facilities for the courts, rooms for the officers, and have the same supplied and equipped with furniture necessary and convenient, and that offices be furnished in the court-house and properly equipped with heat, lights, etc., so that the same may be designated by the ordinary for the respective officers of the county, as required by law; that a jail be erected and equipped at the county-site, and adequate provisions made for the prisoners at the county-site, as required by law in such cases."

The petition, in so far as is material to the issue, is in substance as follows: It is the duty of the commissioners to erect a convenient and adequate court-house when necessary. The county is without such a court-house at the county site, Arlington, or elsewhere, where the courts may be held, and the county offices maintained, and no adequate provision has been made therefor; which failure of duty occasions petitioners and the public much expense, inconvenience, and uncertainty, "as well as insufficient [inefficient?] administration of the county affairs by the various officers thereof." Further, that "the provisions made for the court-house consist of furnishing a rented picture-show, a two-story structure located in the middle of a block of buildings on the east side of the main

street in Arlington, the lower or ground floor of which is the court-room, and runs through the building from west to east, with solid walls on sides, with openings at the west entrance and east side; that the same is fitted with opera chairs located on the side of two aisles running down a tilted floor which ranges downward from the entrance at an angle of about ten degrees to a pit in front of an elevated stage which is about three feet high, located on the east side of the room; that in this pit, on the right-hand side, is located a coal-burning stove with one table for lawyers, while on the stage near the center is a small table for the judge, while on his left is another table for the clerk, and on his right is a small table for the stenographer near a witness chair. In the upper story are several rooms which are occupied by the grand and petit jury. The building contains no sanitary or toilet arrangements, no lights, no ventilation save from the ends of the room, and no protection on the east end from blowing wind and rains. It is alleged, as a matter of fact, that the protection is so inadequate in this respect as to permit the judge presiding at a recent session of the superior court to sit with his feet on a box or board in order to keep them dry and his health protected; . . that the upper story contains certain rooms where the grand and petit jury convenes. These rooms are without light or sanitary arrangements, and in the whole building there is no plumbing or water. There are no rooms in this courthouse, other than as stated, no offices, no office furniture, files or records; and the arrangement and equipment are such that no officer has an office in said building. In fact the temple of justice is uninhabited by any human, is silent, alone and closed, except when some court convenes therein, the officers' records, offices, and jail being elsewhere scattered and located, if at all, as herein elsewhere stated, with no official directory posted anywhere about the building, so far as your petitioners know, whereby the officers or the offices may be located. No county officer has a room in said courthouse, nor can the requirements of Code section 401, whereby ordinaries are required to designate rooms for officers in the courthouse, or enter same on his minutes, be met. Elsewhere in Arlington the county has procured a two-room, single-story brick structure in which is found a vault. In the west end the clerk of the courts is housed, while the ordinary is found in the east end of said house, there being a stack chimney between the rooms, with open

fireplaces, with a connecting door. The two buildings are the only equipment for courts or officers or records located at the county-site, the same being rented buildings and furnished at an annual cost for rent of $————, which sum is obtained by the commissioners by levy of a county tax which is not specifically set forth in the tax levy. No other buildings or facilities or offices are provided at the county-site for the officers or business of the county, so far as petitioners know. If the superintendent of schools, farm demonstrator, tax-collector, tax-receiver, sheriff, city-court judge, or other officers of the county have offices at the county-site furnished by the county, they are located in the court-room above described, or in the two-room building wherein the clerk and ordinary are housed. There is no jail at the county-site. The same is located at Morgan, some miles away, at which place the tax-collector and tax-receiver maintain offices. In fact, so far as petitioners are advised, no provision is made for keeping prisoners at or near the county site."

The petition also alleges that a mandamus action was previously filed in the same court by *Gleaton et al. v. Manry et al.*, for the purpose of requiring the erection of a court-house (see 164 *Ga.* 402) ; that on May 5, 1927, before the decision in that case by the Supreme Court, an election was held in Calhoun County for the removal of the county-site from Arlington, resulting on the face of the returns in favor of removal; that the returns in said election indicated a total vote cast of 1533—for removal to Morgan, 1033; for removal to Edison, 4; against removal 496; that two thirds of the vote cast would be 1022, and the face of the returns showed 11 votes more than the required two thirds in favor of removal; that the election was contested, the Secretary of State, after finding that some votes were illegally cast, rendering an opinion which was "in form a finding in favor of removal" but "in substance it was a finding against removal;" that the opinion and finding of the Secretary of State is attached as an exhibit, and petitioners allege that, under the findings of the Secretary of State as to the illegal votes cast, a correct enumeration and tabulation of the figures would show that there were 9 less legal votes cast for removal than the required two thirds; that the former litigation just referred to has been dismissed, and the costs paid; that no litigation is now pending nor any petition for removal or other action known to petitioners; that Arlington has been the county-site

for four years next before the filing of this action; that it is the duty of the commissioners to build a court-house at the county-site, provided with offices for the county officers, and to equip same with light, water, heat, ventilation, furniture, and all facilities necessary for transacting the county business, and to build and adequately equip a jail at the county-site; and if it should be held that the doing of these things were discretionary with the commissioners, it would not be done unless said commissioners considered that the political developments made it necessary, as such a discretion had already been abused to the harm and injury of the public good.

The court sustained general and special demurrers, dismissing the petition; and the exception is to that judgment.

*J. M. Cowart* and *H. A. Wilkinson,* for plaintiffs.

*A. L. Miller* and *S. B. Lippitt,* for defendants.