### 38424. GRIMSLEY v. TWIGGS COUNTY et al.
### 38425. BOARD OF COMMISSIONERS OF TWIGGS COUNTY et al. v. GRIMSLEY.

Clarke, Justice.

A dispute between the clerk of superior court and the county commissioners of Twiggs County is appealed to this court. In order to resolve it we must treat the issue of inherent power of the superior court and its relationship to statutory law.

The case reaches us as an appeal from a mandamus absolute requiring the county commissioners to pay for temporary clerical help in the clerk's office during a term of court. The trial court also denied the clerk's request for attorney fees, and she appeals. We affirm both orders.

The controversy began when the clerk submitted to the county commissioners a requisition for "two weeks of clerical help" to be performed during the April term of court. The commissioners denied the request. The clerk then secured a letter from the superior court judge authorizing the payment for the services. The help was hired and a new request accompanied by the judge's letter was submitted to the commissioners. Again payment was refused. A third refusal came after the clerk requested payment as part of the overall expense of the term of court. The suit for mandamus followed this.

1. Mandamus is the proper "remedy to compel a public officer or a county board to perform a duty imposed by law," *Mattox v. Board of Education,* 148 Ga. 577, 581 (97 SE 532) (1918); Code Ann. § 64-101. The question is whether the Twiggs County Board of Commissioners had "a duty imposed by law" to expend county funds to provide the clerk of court with additional clerical help during the April term of court. We have reviewed the three possible sources of such a duty cited by the trial judge and the clerk — Ga. Laws 1977, Vol. II, 2721 et seq.; Code Ann. § 24-3005; and the "inherent powers of the superior courts."

2. The first potential source for the alleged duty is Ga. Laws 1977, Vol. II, 2721 et seq., which placed the Clerk of Twiggs Superior Court on an annual salary and provided for the payment of the operating expenses of that office. Because of our holding as to the remaining potential sources it is unnecessary to deal with this special act.

3. Both of the other potential sources of a "duty imposed by law" bear upon this case. Code Ann. § 24-3005 provides: "any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand jury presentments when ordered published, and similar items, such as taking down testimony in cases of felony, etc., shall be paid out of the county treasury of such county, upon the certificate of the judge of the superior court, and without further order."

The concept of inherent power is based upon consideration of separation of powers and has been expressed as follows: "[T]he Judiciary *must possess* the inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities, and its powers and duties to administer justice, if it is to be in reality a co-equal, independent Branch of our Government." Commonwealth ex rel. Carroll v. Tate, 274 A2d 193, 197 (Pa. 1971).

In Georgia, the concept that a superior court may exercise its inherent power to order a county to pay "necessary operating expenses" has not been as fully developed as in other jurisdictions because Code Ann. § 24-3005 has almost always been utilized as the authority for such action. The construction of the statute has resulted in no clear trend. See and compare *Walden v. Smith,* 203 Ga. 207 (45 SE2d 660) (1947); *Walden v. Nichols,* 201 Ga. 568 (40 SE2d 644) (1946); *Freeney v. Geoghegan,* 177 Ga. 142 (169 SE 882) (1933); *Chatham County v. Gaudry,* 120 Ga. 121 (47 SE 634) (1904); *Houston County v. Kersh & Wynne,* 82 Ga. 252 (10 SE 199) (1888); and *In re Thomas County Commission,* 152 Ga. App. 332 (262 SE2d 604) (1979).

However, this court has not ignored the inherent power of the superior courts. In *Bibb County v. Hancock,* 211 Ga. 429 (86 SE2d 511) (1955), we affirmed an order requiring the commissioners to pay for the defense of an indigent in a criminal case. Even though the statute was cited, the court recognized that inherent power was the basis of the order.

It is useful to examine the relationship between the statute and the inherent power of the court. We do not view the inherent power as a product of the statute. As a narrower precept of law, the statute cannot give birth to the broader precept of inherent power. The

statute is a rule while inherent power is a principle which arises from the doctrine of separation and equality of the branches of government. As such it may not be limited by the legislative branch. We do not view Code Ann. § 24-3005 as a limitation upon the inherent power of the court, nor do we find it to be a grant of authority the court did not already possess. We rather find § 24-3005 to be legislative recognition of the power which the judicial branch must possess because of its constitutional nature as a separate and equal branch of government. As an act granting power, the statute may be unnecessary, but as a procedural rule which identifies a remedy it is valuable. Although a legislative act may not conflict with or limit an inherent power, it may assist in its exercise.

Thus far we have attempted to deal with the existence and source of the inherent power of the courts. We turn now to its purpose and the limitations upon its exercise. In doing so we first point out that the courts themselves are not intended to be the beneficiaries of the inherent power. It is the people who hold this position.

The courts stand between the people and tyranny. They protect the public from the heavy hand of governmental excess. The courts stand between the people and anarchy. They provide the civil means of resolving disputes, and they mete out criminal punishment to those who disregard the rights of the public. Of the three branches of government, the judicial branch is the one to which the people have a constitutionally guaranteed direct right of access to seek redress. The cloak of judicial protection is precious to the public and other branches of government cannot be allowed to rend it. It is for this reason that the inherent power of the courts is a power in the public interest. It must never be an instrument for judicial glorification nor should it be the subject of power struggles between the branches. The inherent power of the court must be carefully preserved, but also cautiously used. The inherent power of the courts owes its existence to the public interest. Should it be used for purposes other than the public interest, its reason for existence dissolves and the power itself will soon disappear.

Before a superior court may exercise its inherent power to order the payment of public funds for a judicial purpose in a mandamus case, certain findings must be made. The court must find that the expense is for a compelling need essential to the orderly administration of the court. The court must also find that the appropriating agency has abused its authority in refusing payment. Each of these findings must be based upon clear and convincing evidence, and a record must be made. On review we will apply a test of whether a rational trier of fact could find that the evidence clearly and convincingly supports the result.

In the instant case the request was for a part-time clerical person in the office of the clerk of superior court during the terms of court. The law requires the clerk to be in attendance upon the court. Code Ann. § 24-2714. The law also requires that the office of the clerk be maintained in order that court documents may be filed and viewed. Id. Personnel necessary to carry out these functions is essential. The refusal to provide for the essential functions of the court amounts to an abuse of authority on the part of the county commissioners. A review of the record causes us to conclude that the evidence of these facts is clear and convincing. We therefore hold that the trial court was authorized by its inherent power to order the mandamus.

4. The clerk insists that the trial court erred in refusing to award attorney fees. Although the evidence in this case may have authorized an award of attorney fees, we do not believe the trial judge abused his discretion in denying the prayer.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1982 —
REHEARING DENIED JULY 8, 1982.

*B. Rabun Faulk, James G. Maddox,* for Grimsley.
*Groover & Childs, Denmark Groover, Jr.,* for Twiggs County et al.