S90A0134. McCORKLE et al. v. JUDGES OF SUPERIOR COURT OF CHATHAM COUNTY.
(392 SE2d 707)

CLARKE, Chief Justice.

This is an appeal from an order issued jointly by all of the judges of the Superior Court of Chatham County directing the Commissioners of Chatham County ("Commissioners") to continue funding for two clerical positions in the Superior Court. For the reasons that follow, we dismiss the appeal.

In August 1989, the four judges of the Superior Court of Chatham County jointly issued an order to show cause why the Commissioners should not be required to continue funding for two clerical positions of the Superior Court. The Commissioners responded by filing a motion to recuse, and an affidavit and memorandum of law regarding county budget cuts. The Commissioners also requested a jury trial. Without holding an evidentiary hearing, the en banc Superior Court denied the motion to recuse and issued an order requiring the Board to continue funding the two clerical positions. The order con-

tains extensive findings of fact, including the determination that the clerical positions are essential or necessary for the continued operation of the court. The Commissioners appeal, asserting that the judges should have granted the motion to recuse, should have followed the procedure for mandamus, and should have afforded them a jury trial. They also assert that the Superior Court incorrectly decided that there is a "compelling need" for the two positions.

In *Grimsley v. Twiggs County*, 249 Ga. 632 (292 SE2d 675) (1982), we acknowledged that the judiciary, as an independent and co-equal branch of government, must possess power that is concomitant with its duty to the public. See also *Miree v. United States*, 242 Ga. 126, 132 (249 SE2d 573) (1978). ("Our powers are equal to our duties.") That power includes the ". . . 'inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities. . . .'" *Grimsley*, supra at 633, quoting *Commonwealth v. Tate*, 274 A2d 193, 197 (Pa. 1971). We again speak a word of caution that the inherent power does not give the judicial branch the right to invade the province of another branch of government. As a principle flowing from the separation of powers doctrine, it arms the judicial branch with authority to prevent another branch from invading its province. The inherent power is not a sword but a shield.

The real issue in this case, however, is not the existence or nature of the court's inherent power, but rather, the procedure by which that power may be exercised. Fortunately, this court is not writing on a blank tablet with regard to the proper procedure for the court to protect its functions. OCGA § 15-6-24 constitutes "legislative recognition of the power which the judicial branch must possess . . ." and functions as a "procedural rule which identifies a remedy." *Grimsley*, supra at 634. The statute states:

> Any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand jury presentments when ordered published, and similar items, such as taking down testimony in felony cases, etc. shall be paid out of the county treasury of such county upon the certificate of the judge of the superior court *and without further order.*

(Emphasis supplied.) OCGA § 15-6-24. Thus, a superior court judge need not issue an order to show cause or any other order before making administrative decisions about the basic needs of the court as to equipment, facilities or supporting personnel. All that is necessary is to issue a certificate approving the expense. Such certificates, which may approve on-going expenses or payment for services rendered, re-

present the judge's or judges' administrative decision. In making that decision, the judge or judges must be guided by the public interest and a spirit of cooperation among the branches of government. *Grimsley*, supra. However, the certificates are not a judgment in a case. They are not supported by a record or findings of fact. As such they are not reviewable by appeal. In so holding we specifically overrule any suggestion to the contrary found in *Walden v. Smith*, 203 Ga. 207 (45 SE2d 660) (1947).

This does not mean that certificates approving expense are unreviewable. We have often reviewed matters involving the expense of courts through an appeal from a mandamus action filed by the party to whom the money was due. See, e.g., *Grimsley*, supra; *Bibb County v. Hancock*, 211 Ga. 429 (86 SE2d 511) (1955); and *Walden v. Smith*, supra. Review may also be available through the filing by the county of a protest to the certificate. Such protest shall state the grounds for objection so as to frame the issue of whether the court had exceeded the limits of its inherent power. The protest should be treated as being in the nature of an action in equity, tried without a jury. If a motion to recuse is filed, the matter would be heard by a judge from another circuit in the same judicial administrative district designated by the administrative judge of the district.

To preserve the orderly conduct of the business of the court and governing authority of the county, any such protest in this case must be filed within 30 days of the return of the remittitur. In future cases, the protest must be filed within 30 days of service of the court's certificate.

Finally, we construe the "order" issued by the Superior Court of Chatham County as a certificate under OCGA § 15-6-24. As such, it is not directly appealable. This appeal is therefore dismissed without prejudice to the county's right to file a protest.

*Appeal dismissed. All the Justices concur.*

HUNT, Justice, concurring.

I write separately to elaborate on the procedure, as I understand it, for the review of a court's exercise of its inherent power.

Needless to say, the exercise of such power by a judicial officer is the last resort and is indulged in only when all else has failed in an effort to reach agreement with the county concerning the court's needs.[1] In that unhappy event, however, the first step is the issuance

---

[1] The very conception of inherent power carries with it the implication that its use is for occasions not provided for by established methods . . . . [O]nly when . . . [established] methods fail and the court shall determine that by observing them the assistance necessary for the due and effective exercise of its own functions cannot be had, or when an emergency arises which the established methods cannot or do not instantly meet, then and not until then does occasion arise for the exercise of the

of a certificate by the court which, by way of affidavit, fully justifies the particular need and the need for the exercise of inherent power as well. To this certificate the county may consent or may file a protest within thirty days. The protest may challenge the legitimacy of both the need and the exercise of inherent power. The judges' action, however, enjoys a presumption of legitimacy by virtue of the certificate so that the burden rests on the county to demonstrate otherwise.

Ordinarily the protest would be heard by a superior court judge of another circuit.[2] The protest would be heard as a part of the court's equity jurisdiction and would in no event involve a jury.[3] The protest should be given priority consideration, but should delay occur, it would be within the hearing-judge's discretion whether the county should comply with the certificate pending the outcome. The judgment entered on the protest hearing would be appealable by either party to this court.

In the event no protest is filed by the county, the certificate would become an enforceable judgment at the expiration of thirty days from its issuance.

Our research fails to reveal the existence of any jurisdiction in which the exercise of the inherent power of the courts is free from independent judicial review.[4] It appears that in most instances the remedy is the filing of a mandamus action by the judges in which the burden of proof would fall upon them as moving parties. See, e.g., *Commonwealth v. Tate*, 274 A2d 193 (Pa. 1971); *Third Judicial Circuit v. County of Wayne*, 190 NW2d 228 (Mich. 1971). In at least one state an order may be issued with the approval of the circuit's chief judge, similar to the certificate described herein, but the county's remedy is the filing of a declaratory judgment action. *O'Coins, Inc. v. Treasurer of County of Worcester*, 287 NE2d 608 (Mass. 1972). The procedure outlined is, I believe, preferable to either of those.

Patently, this process is not available to the judges of the inferior courts or other court officers. Their remedy would be limited to mandamus in the superior court. See, for example, *Grimsley v. Twiggs County*, 249 Ga. 632 (292 SE2d 675) (1982).

I am authorized to state that Justice Weltner joins in this concurrence.

---

inherent power.

*State v. Sullivan*, 137 P 392, 395 (Mont. 1913).

[2] It is difficult to conceive of a situation in which the better practice would not be to have an outside judge handle the hearing.

[3] I assume, moreover, that the question to be resolved at the protest hearing is whether the issuance of the certificate amounted to an abuse of discretion, a question not of fact but of law.

[4] The exercise of this power does not reside in any particular judge or any particular court, but in the judicial branch itself, and is subject to review within that branch.

DECIDED JUNE 21, 1990 —
RECONSIDERATION DENIED JULY 12, 1990.

*Brennan, Harris & Rominger, Edward T. Brennan, Emily E. Garrard,* for appellants.
*Jones, Osteen, Jones & Arnold, Charles M. Jones,* for appellee.