S94A1283. IN RE DeKALB COUNTY COURTHOUSE
FIRE SPRINKLER SYSTEM.
(454 SE2d 126)

BENHAM, Presiding Justice.

A judge of the Superior Court of DeKalb County issued a Certificate of Need requiring the installation of fire sprinklers in the courthouse. The County, its Board of Commissioners, and its Chief Executive Officer protested the certificate and the protest was heard by the Superior Court of Rockdale County following the recusal of all the judges of the Stone Mountain Judicial Circuit. Although evidence was taken during a hearing, the trial court decided the matter on a ques-

tion of law, concluding that the issuing judge was acting outside the ambit of his inherent judicial powers in issuing the Certificate of Need.

The Certificate of Need process contemplated by OCGA § 15-6-24 is the procedural rule pursuant to which the power of the court is exercised. *McCorkle v. Judges of Superior Court of Chatham County*, 260 Ga. 315 (392 SE2d 707) (1990). That power of the judiciary as an independent and co-equal branch of government

> includes the " 'inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities' " [cit.] . . . [, but that inherent power does] not give the judicial branch the right to invade the province of another branch of government. As a principle flowing from the separation of powers doctrine, it arms the judicial branch with authority to prevent another branch from invading its province. The inherent power is not a sword but a shield.

Id. at 316. In *Wallace v. Wallace*, 225 Ga. 102 (3) (a) (166 SE2d 718) (1969), in the context of discussing the power of the judiciary to regulate the practice of law, this court considered the nature of the inherent powers of the courts and set out several expressions of the nature of that power:

> "that which is essential to the existence, dignity, and functions of the court from the very fact that it is a court." [Cit.] . . . "[A]ll necessary authority to efficiently and completely discharge those duties the performance of which is by the Constitution committed to the judiciary," [cit.]; [and] . . . the authority to perform any function reasonably necessary to effectuate its jurisdiction, improve the administration of justice, and protect the judiciary as an independent department of the government.

Id. at 110-111. At the core of those expressions of the nature of the inherent power of the courts is the preservation of the uniqueness of the courts as elements of government. It is only in aid of the fulfillment of the judicial function that courts possess inherent powers.

The essential question in the present case, then, is whether the issuance of the Certificate of Need was in furtherance of a specifically judicial function. Phrased another way, the question is whether adequate fire safety is uniquely a concern of the judiciary. Phrasing the question that way makes it clear that the issuing court's concern with fire safety is the same concern properly held by any government agency as a tenant of a government building. That is, there is nothing

inherently judicial about concerns for fire safety, which leads to the corollary conclusion that providing for fire safety in the construction and maintenance of the courthouse is not within the inherent power of the judiciary. The trial court phrased this conclusion cogently in its order in this case:

> A judge of the superior court knows intimately what is necessary for the efficient functioning of his or her court, including whether additional clerical personnel or bailiffs are needed, or whether additional fees are needed for the court reporter. But the necessity for the installation of fire sprinklers for a ten-story building is not within a judge's unique knowledge about the functioning of his or her court. The installation (or not) of fire sprinklers is, instead, within the purview of the county governing authority, which is charged with the maintenance and upkeep of the county's public buildings.

Because the issuing judge was acting as a tenant in a county building rather than as a court, he was relegated to the remedies any other such tenant would have, e.g., the remedy suggested by the trial court, a petition for a writ of mandamus. If the issuing judge believed that the county authorities were failing to perform the duties imposed on them by law or were abusing the discretion with which they are invested in the performance of those duties (see *Cowart v. Manry*, 166 Ga. 612 (4) (144 SE 21) (1928)), he could, as could any other citizen, seek a writ of mandamus requiring the governing authorities to obey the law. While that course would unquestionably be more difficult[1] than issuing a certificate of need, it would preserve the system of co-equal branches of government. Bearing in mind the caution in *McCorkle* that the inherent powers of the courts are to be used as a shield and not a sword, we conclude that the trial court was correct in holding that the issuance of the Certificate of Need exceeded the authority of the Superior Court of DeKalb County.

*Judgment affirmed. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

---

[1] While mandamus is an appropriate remedy to enforce the performance by a public officer of any public duty which he neglects or refuses to perform, it is not available to compel the performance of an act which such officer is not by law required to perform, but, to the contrary, is clothed with discretionary power which he may exercise in accordance with the best interests of the trust which he is authorized to administer. . . . To enforce performance of a ministerial act as contradistinguished from a duty which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done.

*Douglas v. Bd. of Ed. of Johnson County*, 164 Ga. 271 (1, 4) (138 SE 226) (1927).

THOMPSON, Justice, dissenting.

I respectfully dissent because, in my view, the superior court judge acted within the boundaries of inherent judicial power when he issued the Certificate of Need.

The concept of inherent judicial power has found expression in OCGA § 15-6-24. However, that statute is not a limitation on the inherent power of the courts; it simply defines a remedy. *Grimsley v. Twiggs County*, 249 Ga. 632, 634 (292 SE2d 675) (1982). Inherent judicial "power is a principle which arises from the doctrine of separation and equality of the branches of government." Id. It is complete within its branch and as broad as the judiciary's duty to the public. *McCorkle v. Judges of Superior Court of Chatham County*, 260 Ga. 315, 316 (392 SE2d 707) (1990); see *Miree v. United States*, 242 Ga. 126, 132 (249 SE2d 573) (1978) (power of judiciary is equal to its duties). Thus, a court has " 'inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities. . . .' " *Grimsley v. Twiggs County*, supra at 633. And because those responsibilities include the orderly and efficient administration of the business of the court, a superior court judge has inherent power to redress "the basic needs of the court as to equipment, *facilities* or supporting personnel." (Emphasis supplied.) *McCorkle*, supra.

Fire safety is a basic and urgent need of any facility. This holds true for the courthouse where, in case of fire, courthouse personnel and members of the public who are compelled to attend the business of the court (jurors, witnesses, litigants) are in jeopardy. Thus, fire safety is not a courthouse extravagance; it is a necessary and proper concern of the judiciary. If the governing authorities fail to redress that concern, the courts have inherent power to do so. Id.

In this case, the DeKalb County courthouse was woefully out of step with the fire safety code. The governing authorities refused to appropriate funds to install a fire sprinkler system to make the courthouse safe. The DeKalb County superior court judge attempted to rectify the situation by issuing a Certificate of Need. In my view, the superior court judge had inherent power to bring the courthouse "up to code" to ensure courthouse safety and the orderly administration of the court's business.

I recognize that, as the majority points out, inherent judicial power is to be used as a shield, not a sword. I believe the superior court judge properly used his inherent power to shield the courthouse from the governing authorities' failure to rectify an unsafe condition.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED MARCH 6, 1995.

*Huddleston & Medori, Kathryn M. Zickert,* for appellant.
*Jonathan A. Weintraub,* for appellee.