## S95A1487. VARGAS v. MORRIS et al.
(465 SE2d 275)

BENHAM, Chief Justice.

Rey David Vargas is a Georgia prison inmate currently confined at the Georgia State Penitentiary at Reidsville. Acting pro se, Vargas filed a petition for writ of mandamus in the Superior Court of Fulton County, seeking to compel appellees, the members of the State Board of Pardons and Paroles, to rescind appellant's tentative parole date of April 2003, and reinstate his former tentative parole date of August 31, 1993. Vargas also sought monetary damages for the time he has spent in custody since his former tentative parole date of August 1993. The trial court denied Vargas' petition as well as his request for a jury trial. Vargas then filed this appeal.

1. Mandamus is an extraordinary remedy used to compel the performance of an official duty. OCGA § 9-6-20. However, it will not issue to compel a public official to do a discretionary act unless the

---

official has grossly abused such discretion. *In re DeKalb County Courthouse Sprinkler System*, 265 Ga. 96, 98 (n. 1) (454 SE2d 126) (1995). In order for a writ of mandamus to issue in this case, it must be established that the Board of Pardons and Paroles had no authority to change an inmate's tentative parole month. With this in mind, we examine the constitutional, statutory, and regulatory framework girding the determination of an inmate's tentative parole month.

2. The State Board of Pardons and Paroles is constitutionally vested with the power to grant parole, though the General Assembly has the ability to determine who is eligible for consideration of parole. 1983 Ga. Const., Art. IV, Sec. II, Par. II (a) and (b). The board is statutorily required to establish and use a parole guidelines system in determining parole action. OCGA § 42-9-40 (a). Pursuant to that statutory authority, the board has adopted the Georgia Parole Decision Guidelines System as "an aid to the Board in making more consistent, soundly based and explainable parole decisions" (Rule 475-3-.05 (5) of the Rules of State Board of Pardons and Paroles) concerning Georgia inmates not serving life sentences who are statutorily eligible for parole consideration. OCGA § 42-9-40. Using the guidelines system grid which incorporates "Crime Severity Level" with "Parole Success Likelihood," the Board obtains a recommendation as to the months to be served. Parole Decision Guidelines, April 1993 edition. The board has reserved to itself the right to exercise its discretion to disagree with the recommendation established by implementation of the Parole Guidelines System grid and to establish a tentative parole month "at any time prior to sentence expiration." Rule 475-3-.05 (5), supra.

We conclude that the parole guidelines system clearly expresses the fact that the board exercises its discretion in setting a tentative parole month. Because that decision is the result of an exercise of discretion by public officials and no abuse of that discretion has been shown, mandamus does not lie. *Chisholm v. Cofer*, 264 Ga. 512 (448 SE2d 369) (1994).

3. Vargas contends that the Board violated his right to due process guaranteed him by the Georgia Constitution (Art. I, Sec. I, Par. I) when it changed his tentative parole date.[1] His assertion of constitutional violation is grounded on his belief that the Board's revision of his tentative parole month constituted the revocation of a grant of parole, entitling him to minimum requirements of due process. See *Morrissey v. Brewer*, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972);

---

[1] Vargas' invocation of the state constitutional due process provision distinguishes this case from *Sultenfuss v. Snow*, 35 F3d 1494 (11th Cir. 1994) (en banc), in which the Eleventh U. S. Circuit Court of Appeals determined that the Georgia parole system did not create a liberty interest in parole protected by the Due Process Clause of the U. S. Constitution.

*State v. Brinson,* 248 Ga. 380 (283 SE2d 463) (1981). We disagree with appellant's basic premise and, consequently, his conclusion.

In order for due process to be implicated, one must have a legitimate claim of entitlement to a benefit. See *Pace v. Smith,* 248 Ga. 728 (3) (286 SE2d 18) (1982). As can be seen from the discussion in Division 2, supra, the setting of a tentative parole month is not a grant of parole or the creation of a legitimate claim of entitlement to parole as of the date tentatively set. Cf. *State Bd. of Ed. v. Drury,* 263 Ga. 429, 431 (437 SE2d 290) (1993). The trial court did not err when it denied appellant mandamus relief.

4. While OCGA § 9-6-27 (c) provides for a jury trial in a mandamus action where an issue of fact is involved, appellant was not entitled to a jury trial on his petition for mandamus since only a legal issue was presented for decision. See *Glynn County v. Palmatary,* 247 Ga. 570 (2) (277 SE2d 665) (1981); *Guhl v. Davis,* 242 Ga. 356, 358 (249 SE2d 43) (1978).

5. The remaining enumerations of error set forth by appellant were not raised in the trial court and therefore are not subject to appellate review.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

Rey David Vargas, *pro se.*

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, William F. Amideo, Leonard C. Gregor, Jr., Assistant Attorneys General,* for appellees.