S96A1604. CITY OF EAST POINT et al. v. LEAGUE OF WOMEN VOTERS OF ATLANTA-FULTON COUNTY, INC. et al.

(475 SE2d 598)

BENHAM, Chief Justice.
Betty Lane was elected to the East Point City Council in 1992,

and resigned her position in December 1995. The remaining members of the East Point City Council appointed appellant John W. Brown to the position vacated by Ms. Lane. When the council did not order a special election to fill Ms. Lane's unexpired term, the League of Women Voters and an East Point registered voter sought writs of mandamus and quo warranto from the Superior Court of Fulton County. The trial court issued a writ of mandamus absolute in which the city and city council were ordered to hold a special election to fill the vacancy created by Lane's resignation "within the time prescribed by Section 20 of the East Point City Charter and the Georgia Municipal Code." The trial court also issued a writ of quo warranto in which it determined that John Brown's interim appointment to the city council expired on February 16, 1996, and ordered Brown to repay to the city any monies received by him for services, acts, or expenses incurred after February 16. The trial court and this Court denied appellants' motions for supersedeas in which the city sought to stay the ordered municipal election.

The City Charter of East Point provides that council members serve four-year terms, and § 20 of the city charter provides the following procedure for the filling of a vacancy on the city council: the remaining city council member from the ward in which the vacancy exists nominates a person to fill the vacancy for 60 days. The nominee serves until a successor is elected. Within 30 days of the vacancy, the city is required to order a special election conducted pursuant to the Georgia Municipal Code to fill the vacancy. The person elected serves the unexpired term of the vacated seat and "shall be sworn and shall take office on the 61st day following the occurrence of the vacancy." If, however, the vacancy occurs during the last two years of the term of the council member, the appointee of the city council serves for the balance of the unexpired term.

Legislation passed by the General Assembly in 1987 affects this case. Seeking to make uniform Georgia's municipal elections, the legislature passed a series of statutes; one of which is OCGA § 21-3-60 (a). That statute provides that "all municipalities that have terms of municipal office of four years or greater as of January 1, 1989, shall have the terms of office for municipal officers elected in general municipal elections held in 1989, 1990, 1991, and 1992, as follows: . . . (4) Municipal officers elected in 1992 shall have their terms expire December 31, 1997."

1. The city and its council members believe that no special election is necessary because Ms. Lane resigned in the third year of her four-year term, thereby triggering the charter provision which permits a council appointee to fill the vacancy for the remainder of the unexpired term. Appellees, on the other hand, assert that OCGA § 21-3-60 (a) (4) gave Ms. Lane a five-year term and a special election

was required under the city charter because more than two years remained in Ms. Lane's term when she resigned. The question for determination, then, is the length of the term of office Ms. Lane vacated.

It is clear from the legislative language that the General Assembly intended by its passage of OCGA § 21-3-60 (a) (4) to set a five-year term of office for a municipal officer elected in 1992 to a position that carried a term of four years or greater. The statute itself states that municipalities with four-year municipal office terms "shall have the *terms* of office for municipal officers elected in . . . 1992 . . . expire December 31, 1997." (Emphasis supplied.) Furthermore, the preamble to the 1987 act amending Article Three of Chapter Three of Title 21 provides that OCGA § 21-3-60 is the means by which the General Assembly provided for transitional *terms* for the municipal offices affected by the legislative effort to make municipal elections uniform. See Ga. L. 1987, p. 787, where one of the purposes of the legislation is "to provide for transitional terms for municipal officers. . . ." We conclude that the General Assembly intended OCGA § 21-3-60 (a) (4) to set a five-year term of office for those municipal officers elected in 1992. As the latest expression of the General Assembly on the length of the term of office of a municipal officer elected in 1992, the statute takes precedence over the city charter's provision for a four-year term of office for a municipal officer elected in 1992. See *Giles v. City of Locust Grove*, 203 Ga. App. 164 (1) (416 SE2d 758) (1992).

2. Appellants maintain the trial court erred in issuing a writ of mandamus without making findings of fact. We note that the only issue before the trial court was a legal one — the length of the vacated term of office — and that the parties had stipulated the facts. Appellants concede that, as a general rule, a trial court is not required to issue findings of fact when issuing a writ of mandamus, but assert that the trial court erred in failing to make findings of fact when issuing the writ in this case because the writ purportedly required the expenditure of public funds for "a judicial purpose." See *Grimsley v. Twiggs County*, 249 Ga. 632 (292 SE2d 675) (1982).

In *Grimsley*, the trial court issued a writ of mandamus requiring the county commissioners to pay for clerical help needed by the judicial branch. This Court held that "certain findings" must be made "[b]efore a superior court may exercise its inherent power to order the payment of public funds for a judicial purpose in a mandamus case. . . ." Id., 249 Ga. at 634. The "judicial purpose" in that case was "a compelling need essential to the orderly administration of the court." Id. In the case at bar, appellants would have us enlarge the definition of the phrase "for a judicial purpose" from "a compelling need essential to the orderly administration of the court" to include

*any* action that is ordered by the judicial branch. We decline to do so since so broad an exception would encompass all writs of mandamus. Since the writ of mandamus issued in this case did not require the expenditure of public monies for a judicial purpose, the certain findings required by *Grimsley* need not have been made by the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Frank E. Coggin,* for appellants.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant II,* for appellees.